# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

VALINA LYNN RACKLEY                                                                PLAINTIFF
ADC #755889

v.                              1:18cv00030-BSM-JJV

McPHERSON UNIT; *et al.*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Valina Lynn Rackley ("Plaintiff") is incarcerated at the McPherson Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 9.) She challenges a "disciplinary due to ineffective mental [and] medical treatment." (Doc. No. 9 at 4.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner

has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

As I noted in a prior Order, Plaintiff's original Complaint was deficient because it made no allegations and contained no prayer for relief, saying only that it would be supplemented once Plaintiff obtained counsel, and because the only named Defendants were the Arkansas Department of Correction and its McPherson Unit. (Doc. No. 6 at 3.) I offered Plaintiff an opportunity to amend her Complaint to cure these deficiencies. (*Id*. at 4.)

In her Amended Complaint, Plaintiff states this lawsuit is meant to challenge a "disciplinary due to ineffective mental [and] medical treatment." (Doc. No. 9 at 4.) She

3

seeks monetary damages "due to the fact of clearly neglecting a prisoner's medical need and interrupting a prescribed plan of treatment, even for a relatively short period, can constitute a constitutional violation." (*Id*. at 5.) This is the entirety of her allegations; she does not explain why she received a disciplinary, how her medical and mental health treatment were inadequate, or how the two are linked.

Plaintiff has attached a number of grievances and inmate request forms as exhibits to her Amended Complaint. (*Id*. at 10-86.) However, like those attached to her original Complaint, these exhibits are unhelpful in discerning the basis of Plaintiff's claim or claims because they are largely unrelated to one another. These requests and grievances pertain to a variety of issues, including Plaintiff's desire to take college classes (*Id*. at 11-12); a disciplinary she received for lying, malingering, and making unnecessary noise (*Id*. at 14); her inability to hear pill call (*Id*. at 15, 47, 51, 59); a disciplinary she received for possessing contraband (*Id*. at 19, 24-26); her desire to enroll in various programs (*Id*. at 29-31); not receiving her medications (*Id*. at 38, 64, 66); wanting different clothes (*Id*. at 44, 72-73, 77-78); questions about her inmate trust account (*Id*. at 46); not being allowed into medical (*Id*. at 52); not being allowed to move beds (*Id*. at 55); not receiving follow-up treatment after an x-ray (*Id*. at 57); not being treated nicely in general (*Id*. at 62); her inability to hear when chow was called (*Id*. at 63); not being treated for night terrors (*Id*. at 65); needing to see a doctor (*Id*. at 67, 70, 74); not receiving snacks (*Id*. at 68); not receiving literature she requested (*Id*. at 71); concerns about her mental health (*Id*. at 75, 81, 86); bullying (*Id*. at 82-84); and access to commissary (*Id*. at 85). In short, like her original Complaint, Plaintiff's Amended Complaint fails to contain "a short and plain statement of [her] claim"

as required by Federal Rule of Civil Procedure 8(a)(2). Although her allegations must be construed liberally, I am simply unable to evaluate Plaintiff's claims as they have been pled. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Additionally, Plaintiff has not named any Defendants other than the Arkansas Department of Correction and its McPherson Unit. (Doc. No. 9 at 1.) It is well settled that the Arkansas Department of Correction is not a suable entity under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 & 70 (1989) (a state and its agencies are not "persons" within the meaning of § 1983); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (§ 1983 does not abrogate a state's Eleventh Amendment immunity); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (a state agency may not be sued under § 1983).

For these reasons, Plaintiff's Amended Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 9) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

  2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

  3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

  DATED this 1st day of June, 2018.

               _____
               JOE J. VOLPE
               UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."